

**U.S. Department of Justice**
*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

July 25, 2006

Mark Smith
Laredo & Smith
15 Broad Street
Boston, MA 02108

      Re:    United States v. Demone Coleman
            Criminal No. 06-10181-WGY

Dear Mr. Smith:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Demone Coleman ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. **Change of Plea**

At the earliest practicable date but in no event later than September 15, 2006, Defendant shall plead guilty to Count One of the Indictment in this matter charging him with simple possession of more than 5 grams of cocaine base, a/k/a "crack cocaine." Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One and is in fact guilty of that offense.

2. **Penalties**

Defendant faces the following maximum penalties on Count One of the Indictment: a maximum term of imprisonment of 20 years with a five-year mandatory minimum, a fine of up to $250,000 with a minimum fine of $1000 and an additional fine in the amount of the reasonable costs of the investigation and the prosecution of the offense, a term of supervised release of up to three years, and a $100 Special Assessment.

3. Sentencing Guidelines

Subject to the provisions of this Agreement, the sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the following positions at sentencing with regard to offense conduct and adjustments under the United States Sentencing Guidelines ("Sentencing Guidelines"):

(A) Base Offense Level

The parties agree to take the position that Defendant is responsible for at least 5, but less than 20 grams of crack cocaine and that Defendant's Base Offense Level is 26.

(B) Acceptance of Responsibility

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

2

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(h) Commits a crime; and/or

(i) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

4. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a) incarceration for 84-96 months;

(b) supervised release for a period of three years;

(c) mandatory special assessment of $100; and,

(d) A fine within the statutory range (and of at least $1000 unless the Court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even

3

with the use of a reasonable installment schedule, is not likely to become able to pay a fine.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than ten days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and
>
> (2) The imposition by the District Court of a sentence which does not exceed 96 months.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful

4

collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

7. Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's Cplea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which his might otherwise have under any statute of limitations or the Speedy Trial Act.

8. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. Withdrawal of Plea By Defendant

Should Defendant's move to withdraw his plea at an time, this Agreement shall be null and void at the option of the U.S. Attorney.

10. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to

5

comply with any provision of this , has violated any condition of
his pretrial release, or has committed any crime following his
execution of this Agreement, the U.S. Attorney may, at his sole
option, be released from his commitments under this Agreement in
their entirety by notifying Defendant, through counsel or
otherwise, in writing. The U.S. Attorney may also pursue all
remedies available to him under the law, irrespective of whether
he elects to be released from his commitments under this
Agreement. Further, the U.S. Attorney may pursue any and all
charges which have been, or are to be, dismissed pursuant to this
Agreement. Defendant recognizes that no such breach by him of an
obligation under this Agreement shall give rise to grounds for
withdrawal of guilty plea. Defendant understands that, should he
breach any provision of this agreement, the U.S. Attorney will
have the right to use against Defendant before any grand jury, at
any trial or hearing, or for sentencing purposes, any statements
which may be made by her, and any information, materials,
documents or objects which may be provided by him to the
government subsequent to this Agreement without any limitation.
In this regard, Defendant hereby waives any defense to any
charges which he might otherwise have under any statute of
limitations or the Speedy Trial Act.

11. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

12. Complete Agreement

This letter contains the complete agreement between the
parties. No promises, representations or agreements have been
made other than those set forth in this letter and the letter of
July 25, 2006. This Agreement supersedes prior understandings,
if any, of the parties, whether written or oral. This Agreement
can be modified or supplemented only in a written memorandum
signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below. Please also sign below as
Witness. Return the original of this letter to Assistant U.S.

Attorney John A. Wortmann, Jr.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: *[signature]*
>LAURA KAPLAN, Chief
>Violent & Organized Crime
>Section
>
>JOHN A. WORTMANN, JR.
>Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and have discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_Demone Coleman_
DEMONE COLEMAN
Defendant

Date: 9/6/06

I certify that DEMONE COLEMAN has read this letter in its entirety and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_Mark Smith_
MARK SMITH, Esq.
Attorney for Defendant

Date: 9/6/06