UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                           )<br>)<br>DEMONE COLEMAN,                   )<br>)<br>            Defendant.                     )<br>_____) | Crim. No. 06-10181-WGY |

**SENTENCING MEMORANDUM**
**ON BEHALF OF DEMONE COLEMAN**

Defendant Demone Coleman comes before this Honorable Court having pled guilty to a one-count indictment alleging simple possession of five grams or more of cocaine base in violation of 21 U.S.C. § 844. Mr. Coleman promptly accepted responsibility for this offense and entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), calling for a sentence of incarceration between 84 and 96 months.[1] Mr. Coleman asks this Court to impose a sentence of incarceration at the bottom of this range, that is, 84 months.

I.   STATUTORY PROVISIONS AND ADVISORY GUIDELINE RANGE.

The statutory sentencing range for Mr. Coleman's criminal conduct is "not less than 5 years and not more than 20 years." 21 U.S.C. § 844(a).

A.   <u>Base Offense Level</u>

The Presentence Report ("PSR") calculates the advisory guidelines range as follows. The applicable offense level is specified in the Drug Quantity Table, U.S.S.G.

---

[1] The parties also agreed to supervised release for a period three years, a mandatory assessment of $100, and a fine within the statutory range unless Mr. Coleman is unable, and not likely to become able, to pay, which is indeed the case. <u>See generally</u> Presentence Report ¶¶ 87-95,

§§ 2D1.1(a)(3), 2D1.1(c). PSR ¶ 24. Mr. Coleman's relevant conduct involved 9.21 grams of crack cocaine. Id. ¶ 25. The Probation Office calculates that the base offense level is 26, id. ¶ 26 (citing U.S.S.G. § 2D1.1(c)(7)), which was the same base offense level specified in the plea agreement. The PSR further concludes, and the parties agree, that no other upward adjustment is warranted, so that the adjusted offense level remains at 26. PSR ¶¶ 27-30. Mr. Coleman is entitled to a three-level reduction of responsibility. Id. ¶¶ 31. His offense level under the guidelines is, therefore, 23. Id. ¶ 32.

    B.    Criminal History Category

The PSR concludes Mr. Coleman has ten criminal history points, placing him in criminal history category V. PSR ¶¶ 35-48. The applicable advisory guidelines range for offense level 23 at criminal history category V is 84 to 105 months. Id. ¶ 99. As noted above, however, pursuant to the Rule 11(c)(1)(C) plea agreement, the parties have agreed to a binding recommendation within the range of 84 to 96 months.

II.    FACTORS SUPPORTING AN 84-MONTH SENTENCE.

Because of the plea agreement, Mr. Coleman is not asking the court to depart or otherwise vary from the guidelines sentencing range. However, Mr. Coleman does suggest that the ten criminal history points assigned by the PSR are either incorrectly calculated or, in the alternative, over-represent his criminal record. Subtracting a single criminal history point would reduce Mr. Coleman's criminal history category to IV, resulting in a range of 70 to 87 months at offense level 26. The 84 months recommended by Mr. Coleman, while at the bottom of the range for criminal history category V, is at the top end of the range for category IV. Mr. Coleman submits that an 84-month sentence would therefore be "sufficient, but not greater than necessary," to carry out the purposes of criminal sentencing.

A.   <u>Criminal History Calculation</u>

The PSR charges Mr. Coleman six criminal history points for an aggregate one-year commitment to the Suffolk County house of correction imposed in a single proceeding. On April 25, 2002, Mr. Coleman apparently pled guilty in Dorchester District Court to a complaint charging assault and battery and threatening to commit a crime, PSR ¶ 40 (No. 01-2848), and to another complaint charging breaking and entering, PSR ¶ 42 (No. 01-5551). He was sentenced to two consecutive suspended sentences of six months each. PSR ¶¶ 40, 42.

On January 9, 2003, Mr. Coleman was found guilty in Dorchester District Court on a charge of possession of marijuana and received a 60-day house of correction sentence. PSR ¶ 43 (No. 02-2526). That same day, as a result of this conviction, he also stipulated to violations of probation on the prior two Dorchester complaints. See id. ¶¶ 40, 42. As to the probation violation on No. 01-2848, the court imposed a six-month sentence, concurrent with the 60-day sentence on the marijuana charge. Id. ¶ 40. As to the probation violation on No 01-5551, the court imposed a six-month sentence from and after the six months imposed on No. 01-2848. Id. ¶ 42. Thus, with respect to these three complaints, Mr. Coleman was sentenced to a total of one year in the house of correction.

The PSR assesses Mr. Coleman two points for the 60-day sentence, two points for the concurrent six-month sentence, and two points for the consecutive six-month sentence, a total of six points. Because these three matters were in effect consolidated for sentencing on January 9, 2003, they should be considered related cases. See U.S.S.G. § 4A1.2, Application Note 3. Accordingly, Mr. Coleman should be charged four, rather than six, criminal history points: two points under U.S.S.G. § 4A1.1(b) for one of the most serious of the related conviction, plus two more points for the separate convictions

3

not counted, id. § 4A1.1(f). Mr. Coleman would therefore have a total of eight, not ten, points, qualifying him for criminal history category IV.

In the alternative, Mr. Coleman would be eligible for a departure to Category IV under U.S.S.G. § 4A1.3(b) on the ground that the criminal history category over-represents the seriousness of his criminal history. Two factors would warrant such a departure. First, to the extent Mr. Coleman was properly charged six points for the three consolidated Dorchester matters, this Court could consider a departure on the ground that this calculation is disproportionate for the seriousness of these offenses which, together, resulted in a one-year commitment to the house of correction. Second, this Court could take into consideration that four of the ten criminal history points charged in the PSR are attributable to two convictions for mere possession of marijuana, PSR ¶¶ 37, 43, again a disproportionate penalty for the seriousness of this underlying conduct.

Notwithstanding the above arguments, this Court need not find that Mr. Coleman's criminal history category was wrongly calculated or that a departure is warranted. Rather, taking these arguments into account, the Court should sentence him at the bottom of the agreed-upon range.

B.   History and Characteristics of the Defendant - § 3553(a)(1)

Among the additional statutory concerns relevant to sentencing is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Coleman grew up in Dorchester, where he resided with his mother and grandmother. PSR ¶¶ 76-77. His father was completely absent during his childhood (and, indeed, fathered ten children with other women). Id. ¶¶ 71, 76. The family was

supported by Mr. Coleman's grandmother's income as a home health aide and his mother's welfare payments. Id. ¶¶ 76-77.

In the absence of any father figure, Mr. Coleman's mother did not provide a healthy, guiding influence. To the contrary, she was addicted to drugs and abused alcohol. Id. ¶ 76. Even his grandmother had a drinking problem. Id. See also Letter of Rhonda Coleman (to be submitted at sentencing). As the PSR suggests, with no positive guidance, Mr. Coleman became involved with a culture of drugs and violence from an early age. He spent much of his teen years in the custody of the Department of Youth Services. He has never received focused attention for substance abuse. In recent years, however, his mother has turned her life around and overcome her cocaine addiction. Id. Mr. Coleman believes that through substance abuse treatment, he will be able to turn his life around as well. See PSR ¶ 86.

### Nature and Seriousness of the Offense - §§ 3553(a)(1), (a)(2)(A)

Without belaboring the point, Mr. Coleman would also ask the Court to take into account, in choosing a sentence within the guidelines sentence range, that had his conduct involved 9.21 grams of powder cocaine, there would be no five year minimum, and the offense level would be 12. See U.S.S.G. § 2D1.1(c)(14) (less than 25 grams of cocaine). With a two-level decrease for acceptance of responsibility, even at criminal history category V, the guidelines range would be 21 to 27 months. Nothing in United States v. Pho, 433 F.3d 53 (1st Cir. 2006), prevents this Court from taking this disparity into account in choosing a sentence *within* the applicable guidelines range.

III. DEFENDANT'S SENTENCING RECOMMENDATION IN LIGHT OF SENTENCING PURPOSES OF 18 U.S.C. § 3553(a)(2)

Mr. Coleman submits that an 84-month sentence is sufficient based on the facts of the case, his history and characteristics, and the sentencing options available in order to:

5

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public for further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation.

An 84-months sentence will amply serve society's interest in just punishment and deterrence. Mr. Coleman has pled guilty to conduct involving simple possession of 9.21 grams of cocaine base. An 84-months sentence will incapacitate him for a significant period of time. Any longer sentence, however, would thwart the other important societal interests that the Court must also take into account, including the need to promote respect for the criminal justice system, to address Mr. Coleman's rehabilitation through treatment for substance abuse, and to achieve the ultimate long-term goal of protecting public safety. An 84-months sentence will further give Mr. Coleman the incentive and ability to treat the substance abuse and related mental-health conditions at the root of his criminal conduct.

Finally, Mr. Coleman would ask this Court to take note of the fact that he was detained in state custody awaiting trial with respect to the instant offense from May 3 to July 6, 2006 (the state-court charges were dismissed), see PSR p. 1 & ¶ 60, and to take any action that is appropriate to ensure that he is given credit for time served under 18 U.S.C. § 3585(b).

IV. CONCLUSION

For the foregoing reasons, a term of 84 months is within the guidelines range and is "sufficient, but not greater than necessary" to fulfill the purposes of criminal sentencing in Mr. Coleman's case.

                                            Respectfully submitted,

                                            DEMONE COLEMAN

                                            By his attorney,

                                            /s/ Mark D. Smith
                                            Mark D. Smith, BBO # 542676
                                            Laredo & Smith, LLP
                                            15 Broad Street, Suite 600
                                            Boston, MA 0210911
                                            (617) 367-7984

Dated: January 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). In addition, paper copies will be sent via first class mail on January 31, 2007 to those indicated as non-registered participants.

                                                        /s/ Mark D. Smith
                                                        Mark D. Smith

January 31, 2007