UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA** )
                             )
              v.             )    Criminal No. 06-10181-WGY
                             )
                             )
**DEMONE COLEMAN**           )

## GOVERNMENT'S OBJECTION TO REQUEST FOR COUNSEL

The United States of America is in receipt of the defendant's January 22, 2007 request for counsel. The defendant is seeking appointed counsel because he asserts that he will be entitled to be re-sentenced in the event that the Sentencing Commission's determination that the recently promulgated amendments to the crack guidelines are to be applied retroactively become final.

The government objects to appointment of counsel in the particular circumstances of this case because the defendant pled guilty pursuant to a plea agreement tendered pursuant to Rule 11(c)(1)(C) in which: (I) the parties agreed to a specific disposition of 84-96 months as "the appropriate disposition in this case"; and, (ii) in which the defendant specifically waived substantial appeal rights so long as he was sentenced within the agreed upon range (subject only to the provisions of the agreement). In fact, that disposition was based on the government's agreement not to charge the defendant with trafficking offenses (including an offense from an earlier date) that could have substantially increased the penalties that the

defendant faced.

Any request for re-sentencing therefore fails. The simple fact is that the defendant entered into a plea agreement that was filed under Rule 11 (c)(1)(C) and he was thereafter sentenced to the agreed upon range. The plea agreement also contained an appeal waiver if the defendant received the agreed upon sentence of 84-96 months, which the parties agreed was "the appropriate disposition of the case." Plea Agreement at 3. Because the defendant did (and because the agreement was specifically premised on the government's promise not to file additional charges that could have increased the defendant's advisory guideline range substantially), Coleman's claimed entitlement to be re-sentenced fails as a matter of law.

The facts are clear. Coleman was arrested with substantial amounts of crack cocaine after a high-speed chase. The defendant could therefore have been charged with trafficking offenses from that date and could have faced additional drug charges from an earlier incident as well.

Given the defendant's criminal history, these charges would have resulted in a substantially higher advisory guideline range. Instead, he was permitted to plead guilty to the offense of simple possession of more than 5 grams of cocaine base in violation of 21 U.S.C. §844.

In exchange for these substantial concessions, the parties

agreed upon a sentencing range of 84-96 months as "the appropriate disposition in this case" and the defendant waived rights to appeal and collateral challenge.  In pertinent part, the plea agreement stated:

>      Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal.  Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).
>
>      In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:
>
>      (1)  Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and
>
>      (2)  The imposition by the District Court of a sentence which does not exceed 96 months.

Plea Agreement at 4. [Docket no. 9][1]

---

[1] The agreement further stated (at the same page):
      Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

      Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

3

The defendant got exactly what he bargained for at sentencing. The government did the things it agreed to do (that is, not charge the additional offenses) and the defendant got a sentence he agreed was the appropriate disposition (anything between 84 and 96 months). See Cuevas v. United States, No. 01 Civ. 6672, 2002 WL 372918, at *3 (S.D.N.Y. Mar. 8, 2002) ("As long as a defendant has agreed to a sentence within the stipulated guideline range, and the defendant is sentenced within that range, the defendant has obtained the benefit of his bargain.") See also United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996) (defendant could not seek reduction in sentence stipulated to in plea agreement via statutory provision permitting modification of sentence that was based on guidelines range subsequently lowered by Sentencing Commission); United States v. Peeler, 359 F.3d 369, 377-70 (6th Cir. 2004) (district court lacked authority to modify sentence under plea agreement that specified length of sentence based on subsequent amendment to sentencing guideline held to be retroactive).

As set forth above, the Plea Agreement also included an express waiver of appeal if the defendant was sentenced at the agreed upon level. Plea Agreement at page 4. That waiver should be enforced here where no issue has been raised regarding Petitioner's awareness and understanding of it. E.g., United

States v. Teeter, 257 F.3d 14, (1st Cir. 2001) (presentence waivers of appellate rights, contained in plea agreements, are not forbidden, and are presumptively valid, if knowing and voluntary).  See also United States v. Johnson, 67 F.3d 200, 202 (9th Cir. 1995)(upholding waiver of appeal despite change in sentencing law following plea).

Thus, any motion for re-sentencing fails as a matter of law because the defendant got the benefit of his bargain at the time he was sentenced and knowingly gave up appeal rights as part of that agreement.  No matter how the claims are put (and no matter what changes may occur to the guidelines or his criminal history) he should be precluded from seeking re-sentencing as a matter of law.  Appointment of counsel is therefore unnecessary given these particular circumstances.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    UNITED STATES ATTORNEY

By: /s John A. Wortmann, Jr.
    JOHN A. WORTMANN, JR.
    Assistant U.S. Attorney
    One Courthouse Way
    Boston, MA
    (617) 748-3207

CERTIFICATE OF SERVICE

I, JOHN A WORTMANN, JR., Assistant U.S. Attorney, do hereby certify that I have this 29th day of January, 2008, served the copy of the foregoing by mail to Demone Coleman by mail.

                                        /s John A. Wortmann, Jr.
                                        JOHN A. WORTMANN, JR.
                                        Assistant U.S. Attorney