```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NO. 06-10181-WGY |
| DEMONE COLEMAN, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

YOUNG, D.J.                                                January 29, 2009

## I. INTRODUCTION

On September 6, 2006, the defendant Demone Coleman ("Coleman") entered into a plea agreement with the United States pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) on a one-count indictment charging him with possession of cocaine base. Plea Agreement [Doc. 9]. The plea agreement provided, inter alia, that the "appropriate disposition" of the case was incarceration for 84 to 96 months. Id. at 3. At a Rule 11 hearing that same day, the Court reserved its acceptance of Coleman's guilty plea until it reviewed the presentence report. With that report in hand, the Court, on February 1, 2007, accepted Coleman's guilty plea and imposed a sentence of 96 months.[1]

---

[1] The sentence was to be followed by a term of Supervised Release of three years with Special Conditions. The Court further imposed a fine of $1,000 and a Special Assessment of $100.

Relying on Amendment 706 to the United States Sentencing Guidelines § 2D1.1, which reduces the base offense level for cocaine base offenses, Coleman now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Motion for Retroactive Application of Sentencing Guidelines ("Def. Mot.") [Doc. 20].

## II. ANALYSIS

### A. The Court's Authority to Entertain the Motion

Title 18 U.S.C. § 3582(c)(2) authorizes a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." There is no dispute that the sentencing range applicable to Coleman was lowered by the Sentencing Commission after his sentence was imposed.  Amendment 706, which took effect on November 1, 2007, and was made retroactive as of March 3, 2008, generally reduces by two levels the base offense level for cocaine base offenses under U.S.S.G. § 2D1.1, including the offense to which Coleman pled guilty.  See U.S.S.G. App. C, Amends. 706, 713 (2008).  At the time of Coleman's sentencing, with an offense level of 23[2] and a criminal history category of V, see Judgment at 7 [Doc. 17], Coleman's guidelines range was 84

---

[2] Because Coleman pled guilty to possession of at least five but fewer than twenty grams of cocaine base, his base offense level was 26.  U.S.S.G. § 2D1.1(c) (2007). The plea agreement provided that the government would recommend a three-level decrease for acceptance of responsibility, resulting in an offense level of 23.

to 105 months.  See U.S.S.G. § 5A (sentencing table).  Were Coleman sentenced in the wake of Amendment 706, however, his guidelines range would be 70 to 87 months imprisonment.[3]  Id.

Nonetheless, the United States contends that "section 3582(c) is simply not relevant" because Coleman's sentence "was not based on a guideline range but rather a range selected by the parties" and set out in the plea agreement.  Joint Status Report on Motion to Reduce Sentence ("Status Rpt.") [Doc. 25] 1-2.  The government points to two recent decisions from other circuits holding that cocaine base offenders sentenced under Rule 11(c)(1)(C) agreements were ineligible for later sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Arroyo, No. 97 CR 1146(ILG), 2008 WL 2497430, at *1 (E.D.N.Y. June 18, 2008); United States v. Clayborn, No. 1:CR-05-51-01, 2008 WL 2229531, at *1 n.2 (M.D. Pa. May 28, 2008).  This Court has identified other cases reaching the same conclusion.  See United States v. Graham, No. 08-8041, 2008 WL 5328446, at *1 (10th Cir. Dec. 22, 2008); United States v. Johnson, No. 05-40107-01-RDR, 2008 WL 4758581, at *1 (D. Kan. Oct 27, 2008); United States v. Bride, No. CR04-5350 RBL, 2008 WL 2782688, at *1 (W.D. Wash. July 14, 2008); United States v. Tindall, No. 3:04cr00031-2, 2008 WL 2518546, at *1 (W.D. Va. June 19, 2008);

---

[3] After Amendment 706, possession of more than five but fewer than twenty grams of cocaine base invokes a base offense level of only 24.  U.S.S.G. § 2D1.1(c) (Nov. 1, 2007). Providing the same three-level reduction for acceptance of responsibility, Coleman's offense level today would be 21.

3

United States v. Grigsby, 560 F. Supp. 2d 1066, 1066 (D. Colo. 2008); United States v. Gordon, No. CR-97-24-FHS, 2008 WL 901911, at *1 (E.D. Okla. Mar. 31, 2008).  All, however, differ from the case before this Court in one crucial respect:  the plea agreements at issue established specific terms of imprisonment rather than, as here, a range of months.  See id.

This Court has found only two cases involving Rule 11(c)(1)(C) plea agreements for cocaine base offenses that set forth sentencing ranges rather than specific sentences -- United States v. Madden, No. CR05-213RSL, 2008 WL 4933982, at *1 (W.D. Wash. Nov. 17, 2008) and United States v. Hines, No. 3:02-CR-141, 2008 WL 2169516, at *2 (E.D. Tenn. May 22, 2008).  Both courts concluded they lacked authority to reduce the defendants' sentences.  Unlike Coleman, however, the Madden and Hines defendants already had received the lowest possible sentences in their respective agreed ranges.  Id.  Here, Coleman and the government agreed to a range of 84 to 96 months, and this Court sentenced Coleman to 96 months.[4]

The United States points to one other case involving a motion for a reduction brought after passage of a retroactive amendment (not the crack cocaine amendment) and pertaining to a

---

[4] Courts concluded in two additional recent cases that relief under § 3582(c)(2) was unavailable to defendants whose sentences were based on Rule 11(c)(1)(C) plea agreements.  See United States v. Oliver, No. 00-157-13(RCL), 2008 WL 5209983 (D.D.C. Dec. 15, 2008); United States v. Fonville, No. CR01-1015-LRR, 2008 WL 2953610 (N.D. Iowa July 29, 2008).  The factual recitations in those cases, however, failed to disclose whether the pertinent plea agreements established specific sentences or ranges of months.  Id.

sentence imposed pursuant to a plea agreement essentially setting forth a range rather than a specific term of months.  See United States v. Peveler, 359 F.3d 369 (6th Cir. 2004).  There, the Sixth Circuit Court of Appeals concluded that the district court lacked the authority to modify the sentence.  Id. at 379.  The case, however, like those discussed above, is distinguishable.  In Peveler, a defendant pled guilty to several counts of drug trafficking as well as one count of using or carrying a firearm in relation to that crime; among other provisions, his plea agreement established that his offense level would be 30.  Id. at 370.  When the Sentencing Commission later passed and made retroactive Amendment 599 to U.S.S.G. § 2K2.4, which bars the "double counting" of firearm enhancements, the defendant moved to modify his sentence.  Concluding that Rule 11(c)(1)(C) "generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582," the Sixth Circuit affirmed the district court's denial of the motion.  Id. at 379.  Whereas the Peveler defendant's request necessarily involved a modification of his plea agreement (because the retroactive amendment reduced his offense level, which had been specified in the agreement), in this case Coleman requests a sentence within the range set forth in his agreement.

     Moreover, the Court finds persuasive a decision issued just recently by the Fourth Circuit Court of Appeals, United States v. Dews, No. 08-6459, 2008 WL 5413465, at *4-5 (4th Cir. Dec. 30, 2008), holding that even certain defendants who agree to specific

terms of imprisonment in Rule 11(c)(1)(C) agreements[5] may seek reductions based on Amendment 706 if they meet the requirements of 18 U.S.C. § 3582(c)(2).  The Dews defendants sought such reductions of their sentences, imposed after each pled guilty pursuant to a plea agreement setting forth a specific term of imprisonment.  Id. at *1.  A district court denied the defendants' motions on the ground that their sentences were not eligible for reduction.  Id.  The Fourth Circuit disagreed, emphasizing the centrality of the sentencing guidelines in the respective sentencing hearings and plea agreements.  Id. at *4.  For example, the court noted that the parties "contemplated that the stipulated sentence would be a guidelines sentence" and "expected that the district judge would independently calculate and determine the applicable guidelines range," which the judge did.  Id.  According to the Fourth Circuit, "the question of whether the sentences imposed were based on the guidelines must be answered from the perspective of the sentencing district judge."  Id.  With respect to that judge and those defendants, the court determined that they were.  Id.

The Fourth Circuit grappled with contrary decisions from other circuits holding that Rule 11(c)(1)(C) limits a court's authority to reduce sentences imposed pursuant to the rule.  See Dews, 2008 WL 5413465, at *5.  The court first distinguished

---

[5] The case involved a plea agreement pursuant to Fed. R. Crim. P. 11(e)(1)(C), which was amended in 1999 and subsequently renumbered as Rule 11(c)(1)(C).  This Court will refer to the rule by its current number.

several cases as not involving guidelines-based sentences.[6]  For example, in United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996), which is relied upon by the government in the case before this Court, a district court judge determined that the applicable guidelines range for a defendant was 27 to 33 months, but nonetheless accepted a plea agreement setting forth a sentence of 84 months.  The Tenth Circuit, "correctly" in the Fourth Circuit's view, concluded that the defendant was not eligible for 18 U.S.C. § 3582(c)(2) relief because his sentence was not based on a guidelines sentencing range.

The Fourth Circuit next identified a class of cases, particularly United States v. Peveler, 359 F.3d 369 (6th Cir. 2004), discussed above, announcing a per se rule against consideration of § 3582(c)(2) motions for sentences imposed pursuant to Rule 11(c)(1)(C) plea agreements.  See Dews, 2008 WL 5413465, at *6.  "Declin[ing] to follow the Sixth Circuit's approach," the Fourth Circuit observed that while a district court is "bound by the parties' bargain," it is free to consider, and grant, a defendant's § 3582(c)(2) motion so long as the parties "did not agree that they would not seek relief . . . in the event the Sentencing Commission retroactively amended a relevant guideline."[7]  Id.  The court, relying on the "plain"

---

[6] The Fourth Circuit also found unpersuasive a second category of decisions:  "those in which the recitation of facts or reasoning is too cursory to permit a confident judgment as to the basis of the decisions."  Dews, 2008 WL 5413465, at *6.

[7] The plea agreement at issue in this case contains a "Waiver of Rights to Appeal and to Bring Collateral Challenge,"

language of § 3582(c)(2), expressly rejected the argument that defendants who pled guilty under Rule 11(c)(1)(C) never qualify for relief under § 3582.  Id. at *7.  It emphasized that the statute does not require "that the sentencing range must be the sole basis of the sentence."  Id.  Neither does Rule 11 prohibit a sentence agreed to under that rule from "also be[ing] based on a sentencing range," as, the Court concluded, the Dews defendants' sentences "clearly were."  Id.

In this case, the Court accepted Coleman's plea agreement only after considering the information contained in the presentence report and determining that the stipulated range was within the applicable guidelines range.  Once the Court accepted the plea agreement, it had the authority to impose any sentence within the range agreed upon.  Because the Court imposed a sentence of 96 months "based" in part on the then-applicable guidelines range, Coleman is eligible for 18 U.S.C. § 3582(c)(2) relief.  In short, were Amendment 706 in effect when Coleman was sentenced, this Court would have imposed a more lenient sentence.

**B. The Merits**

Having determined that this Court has the authority to reduce Coleman's sentence, it now considers the factors set forth

---

which may have precluded this Court from reaching the merits of Coleman's request.  The United States, however, addressed this issue only in its Objection to Request for Counsel [Doc. 22], and not in the Joint Status Report on Motion to Reduce Sentence [Doc. 25], and it is therefore waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

in 18 U.S.C. § 3553(a).  <u>See</u> 18 U.S.C. § 3582(c)(2).  Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed . . . ;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for --
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .

<u>Id.</u>  With respect to the fifth factor, in a policy statement made effective on March 3, 2008, the Sentencing Commission has described two additional "Factors for Consideration."  <u>See</u> U.S.S.G. § 1B1.10(b), App. Note 1(B)(ii) and (iii) (March 3, 2008); U.S.S.G. App. C, Amends. 712, 713 (2008).  First the "court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  <u>Id.</u> at 1(B)(ii).  Second, the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  <u>Id.</u> at 1(B)(iii).

This final advisory factor is the only one addressed by the parties in this case.  Arguing against reduction, the United

States points out that Coleman has received, as of February 14, 2008, two disciplinary reports resulting in the loss of good time credits.  Status Rpt. 2.  The first charged Coleman with possessing intoxicants; the second, with disruptive conduct for swiping a meal card twice.  Addendum to Presentence Report at 2.  Because the infractions involved non-violent conduct and because Coleman passed the General Educational Development (GED) test while incarcerated, this factor carries little weight here.

The government proffers a second reason the court should deny Coleman's request for a reduction:  in its words, in exchange for agreeing to the plea, Coleman already "got a substantial concession by the government's agreement to forego a trafficking charge."  Status Rpt. 2.  In the cases relied upon by the government, however, defendants were denied sentence reductions not because they had obtained earlier concessions from the United States, but rather because sentencing judges already had been lenient with their sentences.  See United States v. Reid, 566 F. Supp. 2d 888, 895 (E.D. Wis. 2008)(declining to reduce below-guidelines sentence that had been imposed upon consideration of § 3553(a) factors); Primo v. United States, No. CV-07-3387(CPS), 2008 WL 428449, at *4 (E.D.N.Y. Feb. 14, 2008)(same); United States v. Barrows, NO. 07-10012, slip op. at 2 (D. Mass. Feb. 21, 2008)(Zobel, J.)(denying request for reduction, describing sentence imposed as "most reasonable and lenient").  The government's charging decisions have no bearing on this Court's sentencing.

While the Court agrees with Coleman that a sentence reduction is appropriate, it rejects his request for a term of 84 months.  The Court concludes that a term of 87 months, the upper limit of the guidelines range that would have been applicable to Coleman were Amendment 706 in effect at the time he was sentenced, is sufficient but not greater than necessary.

**III. CONCLUSION**

The Court AMENDS the original judgment and sentences Coleman to the custody of the Bureau of Prisons for 87 months.  All other terms and conditions remain the same.

SO ORDERED.

<u>/s/William G. Young</u>
WILLIAM G. YOUNG
DISTRICT JUDGE